UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONY BANK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PETER SZANTO<br><br>　　　　Defendant. | Case No.: 25-cv-265-BEN-SBC<br><br>**ORDER REMANDING CASE TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** |

## I. INTRODUCTION

Plaintiff filed its Complaint in the Superior Court of California, County of San Diego alleging a breach of contract of a credit cardholder agreement and damages of $5,134.58. Defendant removed the case to federal court. Plaintiff now moves to remand the case back to state court asserting federal jurisdiction is lacking. The motion to remand is granted.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. *Royal Canin U.S.A., Inc. v. Wullschleger*, 145 S. Ct. 41, 47 (2025). Federal-question jurisdiction enables federal

courts to decide cases founded on federal law. *Id*. "A suit most typically falls within that statutory grant 'when federal law creates the cause of action asserted.'" *Id*. (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). However, the determination of jurisdiction is based "only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise." *Id*. (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9–10 (1983)). "That longstanding rule makes the complaint—the plaintiff's own claims and allegations—the key to 'arising under' jurisdiction.

If the complaint presents no federal question, a federal court may not hear the suit." *Id*. After a defendant removes a case to federal court, as was done here, if it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court. "That is because, to return to where we started, federal courts are courts of limited jurisdiction: When they do not have . . . authorization to resolve a suit, they must hand it over." *Id*. at 28 (citation omitted).

The Plaintiff's claim presents no federal question. Defendant insists that federal jurisdiction is present based on counterclaims he intends to file. The counterclaims would allege defamation and a violation of the federal Fair Debt Collection Practices Act. However, removal may not be based on unfiled counterclaims. *Valinor Holdings, LLC v. Toliver*, No. 2:25-CV-00742-DAD-SCR (PS), 2025 WL 707594, at *2 (E.D. Cal. Mar. 5, 2025) ("Moreover, even assuming that defendant can assert a federal defense or counterclaim, she cannot use that as the basis for removal because the defensive invocation of federal law cannot form the basis of this court's jurisdiction."); *American Express Nat'l Bank v. Goldsmith*, No. 2:24-CV-01464-GMN-NJK, 2024 WL 3913061, at *2 (D. Nev. Aug. 22, 2024) ("Here, Plaintiff filed a breach of contract claim arising under state law against Defendant. Nowhere on the face of Plaintiff's complaint does it state a federal claim. Defendant's counterclaim alleging a violation of a federal claim—TILA—cannot be used as a basis for federal question jurisdiction. Thus, this Court lacks federal question jurisdiction over the claim."). Instead, the general rule of *Wullschleger* applies

requiring remand of this case back to the state court.

## III. CONCLUSION

The instant action is **REMANDED** to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

DATED: April 4, 2025

_____
**HON. ROGER T. BENITEZ**
United States District Judge